IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9609-CC-00398 |
| | ) | |
| Appellee | ) | RUTHERFORD COUNTY |
| | ) | |
| V. | ) | HON. JAMES K. CLAYTON, JUDGE |
| | ) | |
| DOUGLAS MATTES | ) | (Post-Conviction) |
| | ) | |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Douglas Mattes
South Central Correctional Center
Apollo AA-207
P.O. Box 279
Clifton, Tennessee 38425-5346

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Georgia Blythe Felner
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

William Whitesell
District Attorney General
Third Floor Judicial Building
Murfreesboro, Tennessee 37130

OPINION FILED:_____

AFFIRMED -- RULE 20 ORDER

William M. Barker, Judge

Order

The Appellant, Douglas Mattes, appeals as of right the Rutherford County Circuit Court's dismissal of his petition for post-conviction relief. On February 21, 1995, the Appellant pled guilty to two counts of aggravated sexual battery. Pursuant to the plea agreement, he received a mitigated sentence of 7.2 years with a 20% release eligibility. On April 24, 1996, the Board of Paroles reviewed the Appellant's parole eligibility and found that the Appellant should remain incarcerated because of the seriousness of the underlying offense and because he was participating in sex offender treatment. On August 14, 1996, the Appellant filed a petition requesting post-conviction relief. On August 19, 1996, without an evidentiary hearing, the trial court entered an order dismissing the petition because it was time barred.

The State argues that the statute of limitation for the Appellant's petition had expired when it was filed. We agree.

All post-conviction relief petitions filed after May 10, 1995, are governed by the Post-Conviction Procedure Act of 1995. Tenn. Code Ann. § 40-30-201, Compiler's Notes (Supp. 1996). Post-Conviction relief must be sought "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of which the judgment became final . . . ." Tenn. Code Ann. § 40-30-202(a) (Supp. 1996).

Here, the Appellant filed his petition under the 1995 Act and the one-year statute of limitation applies. The Appellant's judgment became final on or about March 21, 1995, but since the new Post-Conviction Act became effective on May 10, 1995, the limitations period did not expire until May 10, 1996. The Appellant's petition was filed in August, 1996, and is, therefore, barred by the statute of limitations.

The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JERRY L. SMITH, JUDGE